CHARLES J. SCHUCK, Judge,
upon petition for rehearing.
*155 A majority of the court having heretofore decided that the several claims presented in the above entitled matter should be allowed, and an award of $3500.00 having been made in each instance, the state, through the attorney general’s office, filed its petition and brief for a rehearing of the cases, which said rehearing was granted and the facts in connection with the cases again argued, briefs submitted and the matter again placed in the hands of the court for its determination.
Giving full credit to the very able brief filed by the state and considering fully the law as outlined in the several cases submitted in the state’s brief, a majority of the court are still of the opinion and so hold that an award should be made in favor of the claimants On consideration of the case of Wessels v. Stevens County (Washington) 188 Pacific, page 490, which is particularly relied upon by the state, we find that the court in its decision uses this very significant language in its headnote quoted in the respondent’s brief:
“A County was not negligent in not maintaining a warning sign or barrier at a 100 degree curve . . . the curve not presenting any extraordinary condition or unusual hazard; . . (Italics supplied.)
The majority of the court maintains, as set forth in our previous opinion, that the reverse or S curve involved in rthe instant claims, presented in our opinion an extraordinary condition and an unusual hazard and that protection should have been afforded under the circumstances to a driver or user of the road in question. This was not done, notwithstanding the hazardous condition; no markers were present on the road, no barriers or posts had been erected to properly protect a driver or pedestrian from accident at this particularly hazardous point.
We are, therefore, of the opinion that as the particular place where the accident happened was one of unusual hazard, and again considering the condition of the weather on the night of the accident and all the attendant circumstances, that the *156 claimants are entitled to recovery. The majority of the court reaffirm their previous opinion and allowance, to wit, thirty-five hundred dollars t $3500.00) in each case.